PATRICIA A. MARR, LTD.
PATRICIA A. MARR, ESQ.
Nevada Bar No. 008846
4305 Dean Martin Dr., Ste. 185
Las Vegas, Nevada 89103
(702) 353-4225 (telephone)
(702) 737-1776 (facsimile)
lvlawo3@yahoo.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| CHERYL SIMMONS, | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| vs. | ) REQUEST FOR JURY TRIAL |
| | ) |
| BROWNSTONE COMPANIES, INC., dba | ) |
| BROWNSTONE SECURITY, MARK | ) |
| CLAYBORNE individually, VICTOR | ) |
| MARKS, individually DOES 1-X, individuals, | ) |
| ROE CORPORATIONS 1-10 | ) |
| Defendants | ) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**NATURE OF THE ACTION**

This civil action is brought to remedy Defendants' unlawful arbitrary practices and policies of retaliation, wrongful discharge, violations of the Fair Labor Standards Act, Violation of her civil rights under 42 USC 1983, and other causes of action, known and unknown.  Plaintiff seeks declaratory and injunctive relief, compensatory damages, and attorneys' fees.   The Defendants BROWNSTONE COMPANIES, INC dba BROWNSTONE SECURITY are hereinafter called

1

"BROWNSTONE." The Defendant MARK CLAYBORNE will be referred to as "CLAYBORNE," and the Defendant VICTOR MARKS will be referred to as "MARKS."

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 1343(3), 42 U.S.C. §1983, 1985, 1988 NRS 613.340, and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

2. All of the events giving rise to the claims alleged in this Complaint arose in Las Vegas, Clark County, Nevada. Venue therefore lies in the United States District Court of Nevada, pursuant to 28 U.S.C. §84(c)(2) and 28 U.S.C. §1391(b).

3. This is a civil matter where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and the Defendant BROWNSTONE is a California based company doing business in the State of Nevada. By this action plaintiff seeks all legal and equitable relief to which she may be entitled, including, but not limited to compensatory damages, potential attorney's fees and costs, prejudgment interest, and injunctive relief against defendants.

4. This case involves a wrongful retaliatory discharge of the Plaintiff on April 3, 2009 by the Defendants VICTOR MARKS and others working in the scope of their duties for the Defendant BROWNSTONE on April 3, 2009, for exercising her right to complain about harassment at the workplace by reporting an incident of harassment and abuse that occurred on March 28, 2009, by the Defendant MARK CLAYBORNE.

5. Supplemental Jurisdiction is conferred by 28 U.S.C. § 1367(a).

6. That due to the recent retaliatory and other wrongful actions by VICTOR MARKS and others, acting in the scope of his employment with the Defendant BROWNSTONE, the Plaintiff filed a complaint with the EEOC, and received a right to sue letter on or about August 30, 2013, a copy of which is attached.

7. The acts that form the basis of this action occurred exclusively in Clark County, Nevada; further, from a forum nonconvens standpoint, all of the relevant evidence is in Clark County, Nevada. Thus jurisdiction and venue is appropriate in this Honorable Court.

## **PLAINTIFF**

8. Plaintiff, CHERYL SIMMONS, (hereinafter sometimes referred to as "Plaintiff",") is a citizen of the United States and a resident of Las Vegas, Clark County, Nevada, and was employed by the Defendant BROWNSTONE as a flex security officer since September 2007. Her duties included working patrol as well as the supervisory function and responsibility of training other officers. Although she performed patrol and supervisory functions, she was not paid as employee with a supervisory role, despite being promised that she would be paid as such.

## **DEFENDANTS**

9. At all times mentioned herein, Defendant BROWNSTONE COMPAINES, INC, is a California based company, doing business in the Southern District of Nevada as Brownstone Security, which provides security services to various locations in Clark County, Nevada, and beyond.

10. The Defendant MARK CLAYBORNE, during the relevant time frames, was a Sergeant

employed by BROWNSTONE, who had supervisory authority over the Plaintiff, as evidenced by his ordering her to terminate her shift early on the date of the incident in question.  He was working within the scope of his duties at the time of said conduct.

11. The Defendant VICTOR MARKS has a supervisory role with the Defendant BROWNSTONE, who exercised such authority in this case by directing the Plaintiff to file a written report about the harassment, abuse, and early termination of her shift committed by Defendant MARK CLAYBORNE, on the date in question. Defendant MARKS wrongfully terminated the Plaintiff as a result of her reporting the incident to him, pursuant to established policy.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES I-X and ROES 1-10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believes an thereupon alleges that each of the Defendants designated herein as DOE and ROE is responsible in some manner for the events and happenings referred to, and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of the Court to amend the Complaint to insert the true names and capacities of DOES  and ROES,  when the same have been ascertained, and to join such defendants in this action.

13. In doing the acts and in failing and omitting to act as hereafter described, defendants were acting in their capacities as agents and employees of defendant BROWNSTONE, and were acting within the course and scope of such employment.

14. That in doing the acts and in failing and omitting to act as hereafter described,

4

defendants, and each of them were acting with the implied and actual permission and consent of defendant.

15. Each Defendant, at all times mentioned herein, separately and in concert, acted or failed to act, and in concert, engaged in conduct which deprived Plaintiff of the rights, privileges, and immunities secured to Plaintiff by law.

16. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was the agent and employee of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

17. The unlawful employment practices complained of herein occurred in Clark County, Nevada.

## **STATEMENT OF FACTS**

18. That Plaintiff was employed by Defendant BROWNSTONE, as a flex security officer since September 14, 2007.  Her duties including patrol and training of other officers in order that these officers may properly perform their duties.

19.  That she was a respected employee, whose job description carried supervisory duties, although she was not paid as supervisor, despite promises that she would receive a pay increase.

20. That as a condition of her employment, she had to go through training and testing.

21. That she performed all conditions precedent to her being hired by BROWNSTONE.

22. That she was entitled to be paid as a supervisor, but the Defendant BROWNSTONE did not pay her, and the Plaintiff is entitled to back pay representing the amount she should have received as a supervisor, and interest.

23. That on March 28, 2009, the Plaintiff was performing her duties at the premises called Coronado Bay gated community, and was training an individual.

24. That approximately forty(40) minutes before her shift was set to end, she was in the guard gate area of the Coronado Bay Club Apartments, a gated community, located at 7600 S. Jones, Las Vegas, NV 89139.

25. That on this date, time, and location, the Plaintiff was in the guard shack, training a new employee, "Walter," while letting a resident inside the premises.

26. That these activities were during the time, course, and scope of her employ by the Defendant BROWNSTONE.

27. That on this date and time, Sergeant MARK CLAYBORNE, who has a supervisory role (on reason and belief) launched into a tirade against the Plaintiff, calling her names, harassing her, and abusing her without any cause.

28. That this conduct was degrading, stressful, embarrassing, and humiliating to the Plaintiff, especially since it was witnessed by the trainee.

29. That Defendant CLAYBORNE has likewise intimidated and abused a fellow female employee by the name of "Johnson."

30. That on reason and belief, Defendant CLAYBORNE has not treated similarly situated

male individuals.

31. That the Plaintiff was caused to suffer great stress and anxiety, as a proximate result of the actions of Defendant CLAYBORNE.

32. That on this date and time, the Defendant CLAYBORNE, who was acting within the course and scope of his employ with BROWNSTONE, ordered the Plaintiff to terminate her shift early, of which she complied.

33. That the Plaintiff promptly reported the incident to VICTOR MARKS, a supervisor at BROWNSTONE. That MARKS, acting with the scope and course of his duties as instructed her to fill out a written complaint.

34. That the Plaintiff submitted a detailed written report, complaining of gender-based discrimination as a result of the abusive and demeaning conduct of CLAYBORNE. She specifically mentioned the sexual harassment that persisted, particularly with Security Officer Johnson, and that she has reported his conduct on several occasions. A copy of her written statement is attached as **Exhibit 2.**

35. That as a result of submitting this report, which complained of CLAYBORNE'S discrimination and abuse, she was terminated.

36. That as a further retaliation, the Plaintiff was blacklisted by the Defendants, thus making her unhireable by other agencies and companies.

37. That the Defendants have engaged in Retaliation, Hostile Work Environment, Discrimination, and other wrongful conduct, all to Plaintiff's damages in excess of

$75,000.00

## COUNT ONE-RETALIATION

38. Plaintiff repeats the prior allegations as if fully set out therein.

39. That at all relevant times, BROWNSTONE was an employer within the meaning of NRS 613.310, sec. 2.

40. That the Plaintiff engaged in an activity protected under Title VII by reporting harassment at the workplace, as well as discriminatory gender-based treatment, consistent with established policy.

41. Further, that the Defendants' conduct is in violation of NRS 613.340.

42. That the Defendants have subjected her to adverse employment action by terminating her and by blacklisting her, as well as a hostile, discriminatory environment, as stated above.

43. That the Defendants have engaged in retaliatory practices due to the Plaintiff's reporting this incident, as instructed by Defendant MARKS.

44. That there is a causal and proximate cause and connection between the protected activity and the adverse employment action and wrongful termination.

45. That any reasons given for Plaintiff's discharge other than her engaging in protected activity is sham and pretextual.

46. That the EEOC also found that there was reasonable cause to believe that the Plaintiff

was wrongfully terminated. See **Exhibit 3.**

47. That NERC also found that the Defendant BROWNSTONE had engaged in Retaliation. See **Exhibit 4.**

48. That the Defendants are liable to the Plaintiff for actual and punitive damages as a result in excess of $75,000.00

### COUNT TWO-TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY

49. Plaintiff realleges the prior paragraphs as if fully set out therein.

50. That as evidenced by Plaintiff's job description of training other security personnel, she was at all times qualified for the positions she held and always performed her duties with a high degree of competency

51. That Despite this fact, Plaintiff was terminated on or about April 4, 2009, mere days after engaging in protected activity that public policy favors and reporting the unlawful and unethical discriminatory and abuse conduct of CLAYBORNE, a supervise, to BROWNSTONE'S management, including but not limited to MARKS.

52. This retaliatory discharge not only violated Nevada Revised Statutes 613.340, but violated a well established, strong and compelling public policy of the State of Nevada, which prohibits an employer from retaliating against an employee for opposing discriminatory and abusive conduct.

53. That enforcing this public policy benefits all Nevada employees and furthers the public good as it helps prevent unlawful discrimination that is harmful to all employees and employers. Furthermore, if this public policy was not enforced, employees would be

discouraged from reporting discriminatory conduct, which would not only contravene the intent of both the federal and Nevada state anti-discrimination laws, but would allow discriminatory conduct to run rampant throughout the workplace because employees would be placed in the undesirable position of having to choose between reporting the unlawful discriminatory conduct and keeping their job.

54. That as a result of this tortious and retaliatory discharge, Plaintif has suffered damages in an amount to be determined at the time of trial, including, but not necessarily limited to, lost earnings and benefits, pain and suffering, attorney's fees and costs.

55. As the conduct of BROWNSTONE, CLAYBORNE, MARKS, and DOES 1 through X and ROES 1-10, inclusive, was done wilfully, oppresively, fraudulently, maliciously and in conscious disregard of Plaintiff's rights, well-being and safety, and with the authorization, notice and ratification of defendants, and each of them, Plaintiff is entitled to an award of punitive damages, in an amount according to proof at trial.

### COUNT THREE-NEGLIGENT SUPERVISION AND RETENTION AGAINST BROWNSTONE AND OTHER DOE AND ROE DEFENDANTS

56. Plaintiff repeats the prior allegations as if fully set out therein.

57. At all relevant times mentioned herein, BROWNSTONE and MARKS, CLAYBORNE'S supervisor, had a duty to use reasonable care in the training, supervision and retention of their employees and/or subordinates to ensure that they were all fit for their positions and the responsibilities attendant thereto.

58. That CLAYBORNE'S conduct of making sexual advances to female officers, including the Plaintiff, was reported by the Plaintiff prior to this incident.

59. Despite this duty, BROWNSTONE, MARKS, and other DOE Defendants failed

to properly train and/or supervise CLAYBORNE and continued to retain him despite having actual knowledge of the fact that he repeatedly and continuously engaged in unlawful, made improper sexual advances to the Plaintiff and to other female employees, and other unethical and inappropriate conduct. Furthermore, instead of dealing with CLAYBORNE himself and addressing his conduct, BROWNSTONE, engaged in a pattern and practice of punishing and retaliating against those individuals who actually had the courage to stand up and report CLAYBORNE'S horrendous conduct

60. That the conduct was unwelcome, and was done with a malicious state of mind by the Defendant BROWNSTONE, which is vicariously liable for the actions of CLAYBORNE AND MARKS.

61. By continuously covering up CLAYBORNE'S misdeeds and improperly supervising, training and retaining him in a supervisory capacity, BROWNSTONE, MARKS, and other DOE Defendants not only breached their duty, but enabled SODERBERG to continue engaging in his unlawful, unethical and inappropriate conduct, including that at set forth above. Among other things, BROWNSTONE, MARKS, and DOE DEFENDANTS' negligent supervision, training and retention of CLAYBORNE, but it ultimately led to Plaintiff's termination because BROWNSTONE, MARKS, and other DOE defendants would not allow Plaintiff to continue working at BROWNSTONE, or anywhere else, as a result of improperly blacklisting her.

62. As a direct and proximate result of BROWNSTONE, MARKS, and DOE DEFENDANTS' failure to fulfill their duty to use reasonable care in training,

supervising and retaining their employees and/or subordinates in order to ensure that they are all fit for their positions and the responsibilities associated therewith, Plaintiff has suffered damages in an amount to be determined at the time of trial, including, but not necessarily limited to, lost earnings and benefits, pain and suffering, attorney's fees and costs.

63. As the conduct was done wilfully, oppresively, fraudulently, maliciously and in conscious disregard of Plaintiff's rights, well-being and safety, and with the authorization, notice and ratification of Defendants, , and each of them, Plaintiff is entitled to an award of punitive damages, in an amount according to proof at trial.

### SIXTH COUNT- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

64. Plaintiff repeats and realleges the prior allegations as if fully set out therein.

65. At all relevant times mentioned herein, BROWNSTONE, CLAYBORNE, MARKS, DOE and ROE defendants, and each of them, subjected Plaintiff to such extreme and outrageous conduct and the treatment of the Plaintiff. The Plaintiff was the victim of harassment and sexual advances, pursuant to policy, after CLAYBORNE, having had his sexual advances on the Plaintiff rejected, and publicly humiliated, embarrassed, ridiculed, and forced the Plaintiff to terminate her shift early.   Then, after having the courage to report CLAYBORNE'S unethical and unlawful discriminatory conduct to BROWNSTONE, BROWNSTONE, CLAYBORNE, MARKS, and other DOE and ROE defendants, , retaliated against Plaintiff, including   termination after loyally serving BROWNSTONE for several years, and then blacklisting her.

66. All of the above-described conduct engaged in by the Defendants, and each of

them, was done with the intent to cause Plaintiff emotional distress or, at the very least, with reckless disregard of the probability of causing such distress.

67. As a direct and proximate result of the extreme and outrageous conduct of BROWNSTONE, CLAYBORNE, MARKS, and DOES and ROES Defendants, and each of them, Plaintiff suffered extreme emotional distress and, as such, she is entitled to recover all damages caused by the atrocious conduct outlined above, in an amount to be determined according to proof at trial.

68. As the conduct of BROWNSTONE, CLAYBORNE, MARKS, and DOES and ROES Defendants, and each of them, was done wilfully, oppressively, fraudulently, maliciously and in conscious disregard of Plaintiff's rights, well-being and safety, and with the authorization, notice and ratification of BROWNSTONE, CLAYBORNE, MARKS, and DOES and ROES Defendants, and each of them, and each of them, Plaintiff is entitled to an award of punitive damages, in an amount according to proof at trial.

69. That the Defendants are liable to the Plaintiff for actual and punitive damages in excess of $75,000.00

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, who reserves her right to amend this complaint, including but not limited to after discovery is commenced, requests that this Court order the following award of damages against defendants, jointly and severally on each Count:

1. For general and compensatory damages,

2. For punitive and exemplary damages,

3. For interest and damages, according to law and according to proof,

4. For prejudgment interest,

5. For attorney's fees, and,

6. For any further relief to which the

   Dated this 20th day of November, 2013.

                                        PATRICIA A. MARR, LTD.

                                      /s/Patricia A. Marr, Esq.
                                      _____
PATRICIA A. MARR, ESQ.
Nevada Bar No. 008846
4305 Dean Martin Dr., Ste. 185
Las Vegas, Nevada 89103
(702) 353-4225 (telephone)
(702) 737-1776 (facsimile)
lvlaw03@yahoo.com
*Attorney for Plaintiff*